IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID E. SIERRA-LOPEZ,

                                                                                            OPINION and ORDER

                    Plaintiff,

                                                                                        17-cv-646-bbc

     v.

OFFICER BLAIR, DR. PERSIKE, DR. WHITE
and LT. ANDERSON,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On January 3, 2018, I granted pro se plaintiff David E. Sierra-Lopez leave to proceed on the following claims against staff at the Columbia Correctional Institution:

    a) Defendant Officer Blair violated plaintiff's rights under the Eighth Amendment by failing to protect him from harming himself on December 14, 2016;

    b) Defendant Dr. Persike violated plaintiff's rights under the Eighth Amendment by failing to check on plaintiff after he had harmed himself and was placed on property restrictions and by subjecting him to harsh conditions of confinement;

    c) Defendant Lt. Anderson violated plaintiff's rights under the Eighth Amendment by failing to respond reasonably to plaintiff's statements that he needed help and by using excessive force, or failing to protect him from excessive force, on December 20, 2016;

    d) Defendant Dr. White violated plaintiff's rights under the Eighth Amendment by subjecting plaintiff to harsh conditions of confinement.

Now plaintiff has filed a motion for reconsideration of that order, arguing that he should have been permitted to proceed against several additional defendants and on several additional claims. Dkt. #18. He has also filed a motion for assistance in recruiting counsel.

1

Dkt. #19. I will deny both motions for the reasons stated below.

OPINION

A. Motion for Reconsideration of the Screening Order

Plaintiff argues that he should have been permitted to proceed on the following claims: (1) supervisory officials failed to prevent numerous constitutional violations; (2) his conduct report and due process hearing violated his Fourteenth Amendment rights; and (3) he was subjected to an unconstitutional strip search. I discuss each argument below.

1. Claims against supervisory officials

Plaintiff argues that he should have been permitted to proceed against several supervisory defendants, including defendants Warden Michael Dittmann, Security Director Weber and Unit Manager Walker because these defendants were responsible for supervising the other defendants and "allowed" the other defendants to violate plaintiff's rights. However, a supervisor may be liable under 42 U.S.C. § 1983 only if he or she is "personally responsible for the deprivation of the constitutional right." Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001) (quoting Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995)). This means that the supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see[.]" Matthews v. City of East St. Louis, 675 F.3d 703, 708 (7th Cir. 2012).

Here, plaintiff's allegations do not permit an inference that Dittmann, Weber or Walker approved, condoned, or turned a blind eye to any unconstitutional treatment of plaintiff, or that

2

they would even have had an opportunity to learn about plaintiff's situation and intervene during the relevant time period. Therefore, plaintiff may not proceed with claims against these defendants.

2. Claims relating to conduct report

Second, plaintiff argues that he should have been permitted to proceed on claims relating to the conduct report he received. In particular, he argues that he should not have received a conduct report for disobeying orders and disruptive conduct simply for "expressing his mental problems." However, plaintiff's allegations are too vague to state a constitutional claim. A prisoner may not be punished for complaining about a medical issue, so long as the complaint qualifies as speech protected by the First Amendment, Gomez v. Randle, 680 F.3d 859, 866-67 (7th Cir. 2012), but prisoners do not have a constitutionally protected right to disobey legitimate orders or commit disciplinary infractions while in prison. Lewis v. Downey, 581 F.3d 467, 476 (7th Cir. 2009) (citing Soto v. Dickey, 744 F.2d 1260, 1267 (7th Cir. 1984)). Plaintiff has provided no details about how he was "expressing his mental problems" or the particular details contained in the conduct report. Without more, I cannot infer from his vague statements that plaintiff was engaged in protected speech and was punished for it, as opposed to being punished for disobeying orders or disruptive conduct.

Plaintiff also argues that his due process rights were violated because he received an unfair due process hearing. In particular, he says that the hearing officer failed to consider plaintiff's defenses and mitigating factors. However, as I explained in the previous order, plaintiff's 60-day confinement in segregation is likely not sufficient to trigger due process protections. Sandin

3

v. Conner, 515 U.S. 472, 486 (1995) (short-term placements in segregation do "not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," triggering the protections of the due process clause); Townsend v. Fuchs, 522 F.3d 765, 766 (7th Cir. 2008) (period of two months in segregation does not deprive inmate of liberty interest); Hoskins v. Lenear, 395 F.3d 372, 374 (7th Cir. 2005) (two months); Lekas v. Briley, 405 F.3d 602, 612 (7th Cir. 2005) (three months); Thomas v. Ramos, 130 F.3d 754, 761 (7th Cir. 1998) (approximately 70 days). Moreover, plaintiff's right to process before receiving a term of segregation would be limited to notice of the reasons for the proposed placement and an adequate opportunity to present his views regarding why he should not be disciplined. Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012). Here, plaintiff was afforded an opportunity to be heard at a formal disciplinary hearing. Although plaintiff does not think the hearing officer properly credited his version of events, plaintiff was provided all the process he was due under the constitution.

3. Claims regarding alleged sexual assault

In the screening order, I denied plaintiff leave to proceed on a claim that an unidentified officer violated the Eighth Amendment when the officer spread plaintiff's buttocks during a strip search. I explained that plaintiff's allegations were insufficient to permit an inference that any defendant involved in the strip search acted with an intent to inflict pain, humiliate plaintiff or gratify his or her own sexual desires.

In his motion for reconsideration, plaintiff states that he was humiliated during the

4

search and that defendants Anderson and Small could have intervened to prevent the Doe officer from engaging in sexual abuse. However, plaintiff's allegations still do not rise to the level of an Eighth Amendment violation. Although plaintiff may have felt humiliated, he has still made no specific allegations suggesting that any defendant said anything inappropriate or that any officer otherwise behaved in any way to suggest that the touching was for his own sexual gratification. Guitron v. Paul, 675 F.3d 1044, 1046 (7th Cir. 2012); Washington v. Hively, 695 F.3d 641, 643 (7th Cir. 2012); Gillis v. Pollard, 554 Fed. Appx. 502, 505 (7th Cir. 2014). Therefore, plaintiff may not proceed with a claim of sexual assault.

B. Motion for Assistance in Recruiting Counsel

Plaintiff has also renewed his request that the court recruit counsel to assist him with his case. Dkt. #19. He contends that he is unable to afford counsel, imprisonment will limit his ability to litigate, his case is complex and he has limited access to the library and limited knowledge of law. He has submitted evidence showing that he has unsuccessfully attempted to recruit counsel on his own.

I am denying plaintiff's motion. As I explained previously, in determining whether to recruit counsel for a pro se litigant, the relevant question is whether the complexity of the case exceeds the plaintiff's ability to litigate it. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). It is too early to make that determination in this case. Plaintiff's complaint was legible, coherent and identified relevant facts and legal standards. Although plaintiff's

motion for reconsideration was unsuccessful, it demonstrated that plaintiff can present plausible legal arguments and advocate for himself. His claims are not complex when compared with many claims submitted by pro se litigants because, for the most part, plaintiff has first-hand knowledge of the relevant facts. Additionally, the preliminary pretrial conference has not yet been held in this case. At that conference, plaintiff will receive a substantial amount of information about how to proceed with his case. At this stage, I have no reason to believe that plaintiff will be unable to litigate this case on his own. Accordingly, I will deny plaintiff's request for counsel without prejudice. He may renew his motion at any time should this case turn out to be more complex that it currently appears.

ORDER

IT IS ORDERED that plaintiff David E. Sierra-Lopez's motion for reconsideration, dkt. #18, and motion for assistance in recruiting counsel, dkt. #19, are DENIED.

Entered this 22d day of February, 2018.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge