IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID E. SIERRA-LOPEZ,

                                                                                                   OPINION AND ORDER

                      Plaintiff,

                                                                                                      17-cv-646-bbc

    v.

OFFICER BLAIR, DR. PERSIKE, DR. WHITE
and LT. ANDERSON,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Pro se plaintiff David E. Sierra-Lopez is proceeding on the following claims against staff at the Columbia Correctional Institution:

       a) Defendant Officer Matthew Blair violated plaintiff's rights under the Eighth Amendment by failing to protect him from harming himself on December 14, 2016;

       b) Defendant Dr. Julia Persike violated plaintiff's rights under the Eighth Amendment by failing to check on plaintiff after he had harmed himself and was placed on property restrictions and by subjecting him to harsh conditions of confinement;

       c) Defendant Lt. Theodore Anderson violated plaintiff's rights under the Eighth Amendment by failing to respond reasonably to plaintiff's statements that he needed help and by using excessive force, or failing to protect him from excessive force, on December 20, 2016;

       d) Defendant Dr. Maureen White violated plaintiff's rights under the Eighth Amendment by subjecting plaintiff to harsh conditions of confinement.

Now before the court is defendants' motion for summary judgment grounded on the contention that plaintiff failed to exhaust his administrative remedies. Dkt. #34. As explained below, I am granting the motion with respect to plaintiff's claims against

1

defendants Blair and Anderson. Plaintiff's claims against those defendants will be dismissed without prejudice because he failed to file a timely inmate complaint concerning his claims against them. Defendants' motion will be denied with respect to plaintiff's claims against defendants Persike and White.

Also before the court are plaintiff's motion to compel, dkt. #31, his motion to for a physical examination, dkt. #42, and his motion for a temporary restraining order. Dkt. #48. I am denying those motions for the reasons stated below.

OPINION

A. Exhaustion

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025.

To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in the Wisconsin Administrative Code ch. DOC 310.

2

Under these regulations as they existed in 2017, prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner within 14 days of the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.09. The complaint examiner may investigate inmate complaints, reject them for failure to meet filing requirements, recommend a disposition to the appropriate reviewing authority (the warden or the warden's designee) or direct the inmate to attempt to resolve the complaint informally. Id. §§ 310.07(2), 310.09(4), 310.11, 310.12. If the institution complaint examiner makes a recommendation that the complaint be granted or dismissed on its merits, the appropriate reviewing authority may dismiss, affirm or return the complaint for further investigation. Id. § 310.12. If an inmate disagrees with the decision of the reviewing authority, he may appeal. Id. § 310.13. If the institution complaint examiner rejects a grievance for procedural reasons without addressing the merits, an inmate may appeal the rejection. Id. § 310.11(6). The reviewing authority's decision on the rejection is final. Id.

Defendants argue that plaintiff did not exhaust his administrative remedies because the inmate complaints he filed were either untimely or irrelevant to the claims on which he is proceeding in this case. I address plaintiff's claims against each defendant below.

1. Defendants White and Persike

Defendants first argue that plaintiff failed to file any inmate complaint relevant to his claim that defendant White subjected him to harsh conditions of confinement. They also argue that the inmate complaint plaintiff filed about defendant Persike, CCI-2017-5973, was

3

untimely. However, as plaintiff points out in his opposition brief, he filed a timely inmate complaint CCI-2017-1274 on January 9, 2017, raising complaints about both defendants Persike and White. Dkt. #54-1 at 12. In that inmate complaint, plaintiff stated the following:

> On 12/14/16, I was plac[ed] on limited of property by my clinical Dr. Persike . . . . Dr. Persike told Lt. Pharanteau that she was coming on Thursday (12/15/16) to talk to me, which it didn't happen. Dr. Persike said to give me a mattress and a smock, if I [was] chill[y] to give me a security blanket (due to my suicide thoughts). On 12/16/16, M. Gambara typed . . . an illegal behavior modification program . . . stat[ing] that Persike was coming on Monday (12/19/16), but it was another lie[]. . . From 12/14/16-12/20/16, I was suffering this cold weather (winter season). This negligence made me cut myself 3 times on my left arm, which I have the scars. . . .

Id. Plaintiff also wrote in the complaint that he had contacted defendant White about the situation on December 19, 2016. Id.

Defendants argue in their reply brief that the court should "disregard" inmate complaint CCI-2017-1274 because it "has no relevance to the claims" on which plaintiff is proceeding in this case. Dkt. #53 at 2. They argue that the subject of CCI-2017-1274 was a "behavior modification plan," not plaintiff's conditions of confinement or defendants' failure to protect him. This argument is not persuasive. Regardless whether plaintiff used the phrase "behavior modification plan" or "conditions of confinement," the subject of CCI-2017-1274 is the same as in the claims on which he is proceeding in this case. In the screening order, I stated that plaintiff could proceed on claims that defendant Persike "fail[ed] to check on plaintiff after he had harmed himself and was placed on property restrictions" and that defendants White and Persike were responsible for plaintiff's being held in a cold cell during the middle of winter without clothing or adequate blankets and

4

without anyone checking on him. Dkt. #17 at 6-7. In his inmate complaint, plaintiff says he was placed in a cold cell with only a mattress and smock, that Persike was supposed to check on him but did not and that he cut himself when no one came to see him. Because these are the same allegations that provide the basis for plaintiff's claims against Persike and White, I conclude that defendants have not shown that plaintiff failed to exhaust his administrative remedies with respect to those claims.

2. Defendant Blair

Defendants next argue that plaintiff failed to file any inmate complaint relating to defendant Blair's alleged failure to respond reasonably when plaintiff told him about feeling suicidal on December 14, 2016. In response, plaintiff argues that the inmate complaint discussed above, CCI-2014-1274, also encompasses his claim against Blair, but plaintiff's argument is not persuasive. Inmate complaint CCI-2014-1274 relates to events that happened after plaintiff's interactions with Blair, when plaintiff had already been moved to a segregation cell. The complaint does not mention Blair or Blair's alleged failure to protect plaintiff. Therefore, defendants have shown that plaintiff failed to exhaust his administrative remedies with respect to his claim against Blair. Accordingly, I will dismiss that claim without prejudice.

3. Defendant Anderson

Still remaining is plaintiff's claim that on December 20, 2016, defendant Anderson

failed to respond reasonably to plaintiff's statements that he needed help and used excessive force against plaintiff, or failed to protect plaintiff from excessive force. On January 13, 2017, plaintiff filed inmate complaint CCI-2017-1949 relating to his claim against Anderson. In his complaint, he stated that he had good cause for filing it more than 14 days after the incident because he had been on a "paper restriction" (not allowed to have access to paper and writing materials) from December 20, 2016 to January 5, 2017. Dkt. #36-2 at 16. The inmate complaint was rejected as untimely. Id. at 3. Plaintiff appealed the rejection to the warden, reiterating that he was unable to file an inmate complaint within 14 days of the date of the incident because he was on a paper restriction from December 20, 2016 to January 5, 2017. The warden affirmed the rejection without discussion. Id. at 7.

Plaintiff argues that his claim against Anderson should be considered to be exhausted because his inmate complaint was rejected improperly. Defendants disagree, contending that plaintiff's paper restriction did not relieve him of his responsibility to file an inmate complaint within the 14-day deadline because inmates can file inmate complaints at any time regardless of their status or restrictions. According to defendants, if an inmate is on a paper restriction and wants to file a complaint, he can ask his housing staff for assistance. Staff will then remove the inmate from his cell, give him a complaint form and writing instrument and supervise him while he writes a complaint.

I am not persuaded by defendants' argument that plaintiff could have filed a complaint despite his paper restriction. Plaintiff denies that he was aware he could request an inmate complaint while on a paper restriction, and defendants have not submitted any

6

evidence to undermine the truth of that denial. For example, defendants have not pointed to a regulation or written policy explaining that inmates on paper restrictions can request special assistance to submit a grievance. I conclude, therefore, that defendants have not shown that the grievance process was available to plaintiff while he was on a paper restriction. See, e.g., Thomas v. Reese, 787 F.3d 845, 848 (7th Cir. 2015) ("Thomas did not need to exhaust remedies he had not been told about, nor did he need to divine the availability of other procedures.")

That being said, even though plaintiff's paper restriction was "good cause" for his untimeliness, he still had to file an inmate complaint "as soon as it was reasonably possible for him to do so." Hurst v. Hantke, 634 F.3d 409, 412 (7th Cir. 2011). Plaintiff was released from his paper restriction on January 5, 2017, but he did not file his inmate complaint against defendant Anderson until January 13, nine days later. Plaintiff does not explain why he waited nine days to file his inmate complaint. In light of the fact that plaintiff filed an inmate complaint about defendants Persike and White on January 9, 2017, I can assume that he could have filed his complaint against Anderson before January 13 but failed to do so. In sum, plaintiff has not shown that he filed his complaint against Anderson "as soon as it was reasonably possible for him to do so." I conclude, therefore, that he failed to file a timely complaint and thus, failed to exhaust his administrative remedies with respect to his claim against Anderson. That claim will be dismissed without prejudice.

B. <u>Plaintiff's Motion to Compel</u>

Plaintiff filed a motion to compel defendants to respond to requests for interrogatories and documents. Dkt. #31. However, as explained in defendants' response brief, plaintiff filed this motion before defendants' deadline for responding to his discovery requests had run. Dkt. #41. Additionally, under the Pretrial Conference Order, discovery was stayed pending a decision on defendants' motion for summary judgment for failure to exhaust his administrative remedies. Dkt. #28 at 8. Therefore, I am denying plaintiff's motion to compel as premature. Now that defendants' motion for summary judgment has been resolved, the parties should proceed with discovery regarding the merits of plaintiff's claims.

C. <u>Plaintiff's Motion for Physical Examination</u>

Plaintiff has filed a motion under Rule 35 of the Federal Rules of Civil Procedure, asking the court to order St. Vincent's Hospital to conduct a physical examination of him. Dkt. #42. Rule 35 permits a court to order a mental or physical examination when a party's mental or physical condition is "in controversy," and the moving party shows that there is good cause for the examination. Fed. R. Civ. P. 35(a)(1). The party requesting the examination must make the arrangements. For example, if plaintiff was suing because of physical injuries he suffered, defendants could ask for a medical examination of him by a doctor hired by defendants. In this instance, plaintiff has not shown that his physical condition is "in controversy," that there is good cause for an examination or that he has

made arrangements to have an exam performed. Therefore, his motion will be denied.

### D. Plaintiff's Motion for a Temporary Restraining Order

Plaintiff has also filed a motion for a temporary restraining order, in which he asks to be moved to a single cell or transferred to a different institution. Dkt. #48. Additionally, he asks the court to prohibit defendant White and "each of her officers, agents, employers and all persons acting in concert or participation with her" from interacting with him. Plaintiff says that he has been having homicidal thoughts and has been cutting himself to control them.

This motion will be denied because plaintiff's request for relief falls outside the scope of this case. The only claims remaining in this case are plaintiff's claims that defendants Persike and White subjected him to harsh conditions of confinement in segregation and failed to check on him. Plaintiff is not proceeding in this case on claims regarding a denial of mental health care for homicidal thoughts. If plaintiff wishes to proceed on such claims, he must file a separate lawsuit. Neuroscience, Inc. v. Forrest, No. 12-cv-813-bbc, 2013 WL 6331348, at *1 (W.D. Wis. Dec. 5, 2013) ("Because a preliminary injunction is intended to preserve the status quo until the court has an opportunity to reach the merits, 'a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'") (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed

in the party's motion and the conduct asserted in the complaint.")).

ORDER

IT IS ORDERED that

1. The motion for summary judgment filed by defendants Officer Matthew Blair, Dr. Julia Persike, Lt. Theodore Anderson and Dr. Maureen White, dkt. #34, is GRANTED IN PART and DENIED IN PART. The motion for summary judgment is GRANTED with respect to plaintiff's claims against defendants Blair and Anderson. Those claims are DISMISSED WITHOUT PREJUDICE for plaintiff's failure to exhaust his administrative remedies. The motion is DENIED in all other respects.

2. Plaintiff David E. Sierra-Lopez's motion to compel, dkt. #31, motion to enforce reply, dkt. #42, and motion for a temporary restraining order, dkt. #48, are DENIED.

Entered this 18th day of July, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge