IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID E. SIERRA-LOPEZ,

                        OPINION AND ORDER

          Plaintiff,

                        17-cv-646-bbc

    v.

DR. PERSIKE and DR. WHITE,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff David E. Sierra-Lopez is proceeding on Eighth Amendment claims against defendants Dr. Persike and Dr. White, who worked as physicians at the Columbia Correctional Institution. On July 18, 2018, I dismissed plaintiff's claims against Officer Matthew Blair and Lt. Theodore Anderson without prejudice after concluding that plaintiff had failed to exhaust his administrative remedies with respect to his claims against those defendants. Dkt. #55.

      Now before the court are plaintiff's motion for reconsideration of the court's decision on exhaustion, dkt. #57, motions for leave to file an amended complaint, dkt. ##62, 65, and motion for assistance in recruiting counsel. Dkt. #58. For the reasons below, I am denying all of plaintiff's motions.

OPINION

A. Motion for Reconsideration

First, plaintiff seeks reconsideration of the dismissal of Lt. Anderson from the case.

1

Dkt. #57. He argues that the court should conclude that he exhausted his administrative remedies even though his inmate complaint against Anderson was untimely. However, as explained previously, a prisoner must comply with institutional deadlines to properly exhaust his administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a); Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005); Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). Because plaintiff failed to comply with the deadlines, he did not exhaust his administrative remedies with respect to Anderson. Therefore, I will deny his motion for reconsideration.

B. Motions for Leave to File an Amended Complaint

Plaintiff has filed two motions for leave to file an amended complaint, along with two proposed amended complaints. Because his second motion was filed three weeks after his first motion, I will consider his first request to be moot. Therefore, I will consider only plaintiff's most recent motion and proposed amended complaint.

Plaintiff states that he wishes to file an amended complaint to (1) clarify the court's jurisdiction and venue; (2) add more information about himself; (3) include information about exhaustion; and (4) add new defendants, including several John and Jane Does, and new allegations and legal claims. Dkt. #65. He has filed a 25-page proposed amended complaint. Dkt. #66.

As an initial matter, plaintiff does not need to file an amended complaint to clarify the court's jurisdiction and venue, add information about himself or include arguments relating to exhaustion. There is no dispute whether this court has jurisdiction over plaintiff's

2

claims or that venue is not proper and there is no confusion about who plaintiff is. Additionally, this court has already considered and rejected the exhaustion-related arguments that plaintiff attempts to make in his proposed amended complaint, including whether he was unable to file inmate complaints while on a paper restriction. Dkt. #55 at 7-8. Therefore, I will not grant plaintiff leave to file an amended complaint to add this unnecessary information.

I also will decline to grant plaintiff leave to file his proposed amended complaint to add additional claims and defendants. Although Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires," "it is "not to be automatically granted." Johnson v. Cypress Hill, 641 F.3d 867, 871–72 (7th Cir. 2011) (citation omitted). "[District] courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." Id.

Here, plaintiff's proposed amended complaint may include claims or defendants that would be appropriately joined with his current claims. However, plaintiff fails to explain why he waited until seven months after this court issued its screening order to request leave to amend his complaint. This is not a situation in which plaintiff was unaware of the facts supporting his claims, as his new allegations concern situations involving him directly. Plaintiff's failure to explain his delay weighs against his request for leave to amend his complaint.

The delay is particularly significant here, where the court dismissed some of plaintiff's claims for his failure to exhaust his administrative remedies. Plaintiff states in his proposed

3

amended complaint that he should be excused from exhausting his administrative remedies with respect to some claims, dkt. #66 at 20-21, suggesting that some of his new proposed claims may be unexhausted as well. If plaintiff were permitted to add new and unexhausted claims, defendants would likely request permission to file another motion relating to exhaustion, which would significantly delay proceedings and likely require setting an entirely new schedule for this case. This court is not inclined to set a new schedule in a case without sufficient justification, which plaintiff has failed to provide.

Finally, and perhaps most significant, plaintiff's proposed amended complaint displays a disregard for this court's previous orders in this case. Plaintiff includes claims against supervisors that were dismissed at the screening stage although the court explained to him why he cannot proceed on claims against supervisory officials who were not directly involved in the alleged constitutional violations. Dkt. #23 at 2. Plaintiff also includes claims against defendants Blair and Anderson, despite the fact that this court dismissed those claims for plaintiff's failure to exhaust his administrative remedies with respect to his claims against them. Dkt. #55. Plaintiff is wasting limited judicial resources by asking the court to review lengthy allegations concerning individuals and claims that have been considered previously and dismissed. For all of these reasons, I will deny plaintiff's motion for leave to file an amended complaint.

### C. Motion for Assistance in Recruiting Counsel

Plaintiff has filed a renewed request (his third) that the court recruit counsel to assist him with his case. Dkt. #58. He contends that he is unable to afford counsel, English is not

4

his first language, his case is complex and he has limited access to the law library and limited knowledge of the law. He has submitted evidence showing that he has unsuccessfully attempted to recruit counsel on his own.

I am denying plaintiff's motion for many of the reasons explained previously. In determining whether to recruit counsel for a pro se litigant, the relevant question is whether the complexity of the case exceeds the plaintiff's ability to litigate it. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). Plaintiff's claim is not complex when compared with many claims submitted by pro se litigants. Additionally, plaintiff has demonstrated that he can advocate for himself and present coherent legal arguments. For example, plaintiff was able to defeat defendants' summary judgment motion on exhaustion with respect to two of plaintiff's claims by presenting relevant evidence and persuasive legal arguments. Moreover, despite his language concerns, plaintiff's submissions have been well-written and higher in quality than those submitted by many pro se litigants.

Finally, although plaintiff expresses concerns about his access to the law library, he has provided no specific examples of how his limited access has affected his ability to litigate this case or any specific instances in which he needed access to the library but was unable to gain it. Without such information, I have no reason to believe that plaintiff will be unable to continue litigating this case on his own. Accordingly, I will deny plaintiff's request for counsel without prejudice.

ORDER

IT IS ORDERED that plaintiff David E. Sierra-Lopez's motion for reconsideration, dkt. #57, motion for assistance in recruiting counsel, dkt. #58, and motions to amend his complaint, dkt. ##62, 65, are DENIED.

Entered this 10th day of September, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge