IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID E. SIERRA-LOPEZ,

                   OPINION AND ORDER

    Plaintiff,

                      17-cv-646-bbc

  v.

DR. PERSIKE and DR. WHITE,

    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff and prisoner David E. Sierra-Lopez is proceeding in this case on claims that defendants Dr. Julia Persike and Dr. Maureen White violated his rights under the Eighth Amendment by failing to provide him adequate mental health treatment and by subjecting him to harsh conditions of confinement. Now before the court is defendants' motion for summary judgment. Dkt. #80. Because plaintiff has failed to submit evidence showing that defendants were deliberately indifferent to his mental health needs or subjected him to unconstitutional conditions of confinement, I will grant defendants' motion.

Turning to the parties' proposed findings of fact, I note that plaintiff failed to comply with this court's summary judgment procedures by filing a separate document responding to defendants' proposed findings of fact. He also failed to propose any facts of his own. After defendants pointed out plaintiff's error in their reply brief, plaintiff filed a sur-reply stating that "[d]efendants' proposed facts are not facts but stupid strategies to make plaintiff and the court spend unreasonable time in responding to and deciding their motion." Plt.'s Br., dkt. #92, at 1. Despite plaintiff's opinion to the contrary, this court's requirement that

1

the parties submit facts and supporting evidence is essential to the summary judgment process. Because plaintiff failed to adequately dispute any of defendants' proposed facts, I have accepted defendants' proposed facts as undisputed.

UNDISPUTED FACTS

Plaintiff David E. Sierra-Lopez is incarcerated at the Columbia Correctional Institution, where defendant Julia Persike worked as a psychologist and defendant Maureen White worked as the supervisor of the psychological services unit. Persike was plaintiff's primary clinician during 2015 and saw him intermittently in 2016.

On December 1, 2016, plaintiff was moved from restrictive housing unit 2 to restrictive housing unit 1. Plaintiff was upset by the move because inmates have greater restrictions and less property in restrictive housing unit 1. On December 12, plaintiff told security staff that he was going to harm himself, and staff found a noose in plaintiff's cell. Security staff removed plaintiff from his cell, placed him an interview room and notified defendant Persike. Plaintiff met with Persike, and told her that he was unhappy about being moved into restrictive housing unit 1 and that he wanted all of his property restrictions to be removed. In the alternative, plaintiff asked to be placed in observation. Persike decided that observation placement was not clinically necessary. She concluded that plaintiff should remain in the restrictive housing unit, but that because he had fashioned a noose and threatened to harm himself, his bed linens and clothing should be removed. Plaintiff kept his mattress and a security smock.

The next day, December 13, Persike saw plaintiff again. Plaintiff had a more positive

2

attitude, told Persike that he was feeling better and thanked her for her time. Persike encouraged plaintiff to take his medication and told him that she would see him again the following week. Persike then notified security staff that she was ending plaintiff's clinical property restrictions and that his clothing and linens could be returned.

On December 14, during the evening medication pass, plaintiff held his trap closed and refused to cooperate. He was eventually removed from his cell and strip searched. Persike was the on-call clinician at the time. At approximately 5:30 p.m., she was contacted and learned that plaintiff had threatened to make a noose. Lieutenant Parenteau told Persike that plaintiff had not made any suicidal statements and did not seem depressed or hopeless, but that he seemed to be using threats of self-harm to gain staff's attention and to demand additional property. Persike directed security staff to remove plaintiff's linens, but she did not order that he be placed on observation. At 8:45 p.m., plaintiff was given a security blanket.

The next day, December 15, Persike attempted to see plaintiff for a clinical check-in and to review his clinical property restrictions. However, security staff told Persike that she could not see plaintiff for an out-of-cell session because of staffing problems. Staff told Persike that plaintiff had not reported any suicidal or self-injurious thought, intent or plan, but was still upset about not receiving his property.

On December 16, Persike was out of the institution on sick leave. Dr. Gambaro covered for Persike while she was out of the institution, reviewed plaintiff's file, and continued the clinical linen restriction.

December 17 and 18, 2016, were Saturday and Sunday, respectively. Psychological

3

staff does not usually work on the weekends at the prison. Security and health services unit staff respond to prisoners' needs, serve meals and medications, and contact the on-call psychological services staff if needed. On-call psychological services staff was not contacted regarding plaintiff over the weekend, nor was Persike contacted directly. The restrictive housing unit log shows that Persike was on the unit on December 17 for other reasons, but she did not see plaintiff on that day.

On December 20, Persike saw plaintiff again. Persike decided that the clinical linen restriction could be removed because plaintiff's mood had improved and he appeared to be stable. She discussed property, restrictions and plaintiff's hygiene needs with security staff. On December 23, both defendants White and Persike met with plaintiff. This was White's first clinical contact with plaintiff. White explained to plaintiff that his ongoing restrictions were security restrictions, not clinical restrictions. Plaintiff remained upset about the clinical property restrictions that Persike had implemented on December 14, that Gambaro had continued on December 16, and that had been discontinued by Persike on December 20.

Between December 14 and 20, 2016, when plaintiff was held in restrictive housing unit 1, the HVAC system at the prison recorded the temperatures on plaintiff's side of restrictive housing unit 1 as ranging between 76 to 78 degrees. Security staff is responsible for addressing complaints regarding the temperature in the segregation unit. If a prisoner complains about the temperature in his cell and security staff thinks the complaint is legitimate, staff will pass the complaint to the maintenance staff.

OPINION

Plaintiff is proceeding on claims under the Eighth Amendment that (1) defendant Persike failed to provide him adequate mental health care and failed to protect him from harming himself from December 14 to December 20, 2016; and (2) defendants Persike and White subjected him to harsh and inhumane conditions of confinement during the same time period.

The Eighth Amendment imposes a duty on prison officials to provide "humane conditions of confinement" and to insure that "reasonable measures" are taken to guarantee inmate safety and prevent harm. Farmer v. Brennan, 511 U.S. 825, 834-35 (1994). An inmate may prevail on a claim under the Eighth Amendment by showing that the defendant knowingly subjected him to unreasonably harsh conditions of confinement or acted with "deliberate indifference" to a "substantial risk of serious harm" to his health or safety. Id. at 836. "An official is deliberately indifferent when he is subjectively aware of the condition or danger complained of, but consciously disregards it." Rice ex rel. Rice v. Corrections Medical Services, 675 F.3d 650, 665 (7th Cir. 2012).

Plaintiff has failed to submit evidence sufficient to withstand summary judgment on either of his claims. First, plaintiff has not shown that defendant Persike failed to provide him adequate mental health care or failed to protect him from harming himself between December 14 and 20, 2016. The undisputed evidence shows that Persike evaluated plaintiff on December 12, after he had made a noose. She imposed linen restrictions to prevent him from harming himself. She saw him again on December 13 and removed his linen

5

restrictions. She discussed his status with staff on December 14 and 15, another psychologist saw him on December 16, and Persike saw plaintiff again for his regular appointment on December 20, at which time she removed the linen restriction again. Plaintiff has presented no evidence to support his claim that Persike failed to provide him mental health treatment, failed to protect him from harming himself or disregarded any substantial risk of serious harm to plaintiff during this time period. Therefore, Persike is entitled to summary judgment on plaintiff's deliberate indifference claim.

Plaintiff's second claim also fails for lack of any evidence to support it. He contends that he was subjected to harsh conditions of confinement and specifically, that his cell was extremely cold, from December 14 to 20, 2016. However, he has submitted no evidence to contradict the temperature log submitted by defendants showing that the average temperature on plaintiff's side of the unit was between 76 and 78 degrees on the relevant dates. Even if he had submitted evidence suggesting that his cell was cold, he has not submitted any evidence showing that defendants Persike or White were aware of the cold temperatures or were responsible for controlling the temperature in the segregation unit. Therefore, Persike and White are entitled to summary judgment on plaintiff's conditions of confinement claim.

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Dr. Persike and Dr. White, dkt. #80, is GRANTED. The clerk of court is directed to enter

judgment for defendants and close this case.

Entered this 26th day of March, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge